On respondent's petition for reconsideration filed August 5, and third party plaintiff-appellant PacifiCorp's response to petition for reconsideration filed August 17, reconsideration allowed; former opinion (236 Or App 326, 237 P3d 861) modified and adhered to as modified September 8, petition for review denied December 9, 2010 (349 Or 370)

STATE OF OREGON,
acting by and through the
Department of Forestry,
*Plaintiff,*

*v.*

PACIFICORP,
an Oregon corporation,
dba PacifiCorp Power,
*Defendant.*

PACIFICORP,
an Oregon corporation,
dba PacifiCorp Power,
*Third Party Plaintiff-Appellant,*

*v.*

CENTRAL OREGON LOGGING,
an Oregon corporation,
*Third Party Defendant-Respondent,*

*and*

AMERICAN STATES INSURANCE COMPANY,
a Washington corporation;
and BP Reforestation,
an Oregon corporation,
*Third Party Defendants.*

Jackson County Circuit Court
042975L3; A137295

239 P3d 503

William G. Wheatley and Jaqua & Wheatley LLC for petition.

Scott J. Kaplan, Louis A. Ferreira, and Stoel Rives LLP for response.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

.

### HASELTON, P. J.

Third-party defendant-respondent Central Oregon Logging (COL) petitions, pursuant to ORAP 6.25(1), for reconsideration of our decision reversing the trial court's allowance of COL's first motion for summary judgment and remanding this matter to the trial court to determine third-party plaintiff-appellant PacifiCorp's asserted entitlement to indemnification from COL. *Dept. of Forestry v. PacifiCorp*, 236 Or App 326, 237 P3d 861 (2010). We allow reconsideration to address one of COL's contentions, which we understand to be a request for clarification of our disposition, reject COL's other contentions without discussion, and, with the modification set out below, adhere to our original opinion and disposition.

COL contends that our opinion, in several instances, at least implies that the only issue remaining to be litigated and determined on remand with respect to PacifiCorp's asserted entitlement to indemnification is whether the East Antelope Fire was caused by PacifiCorp's sole negligence. That is, our opinion could be read to suggest that, unless the fire was caused by PacifiCorp's sole negligence, COL will be contractually obligated to indemnify PacifiCorp. *See, e.g., id.* at 337-38 ("Based on our review of the record, we conclude that there are disputed issues of material fact as to whether the fire was caused by PacifiCorp's sole negligence."). COL further asserts that the scope of remand cannot properly be so limited because, under Article 13 of the parties' contract, COL's indemnification obligation pertains solely to losses, costs, and damages

> "resulting from, arising out of, or in any way connected with any act, omission, fault or negligence of [COL] in the performance or nonperformance of [COL's] obligations under this Contract or in any way related to this Contract."

Thus, COL reasons, even if it is determined on remand that the fire was not caused by PacifiCorp's sole negligence, COL will not be liable to PacifiCorp for indemnification unless PacifiCorp also proves the above-quoted prerequisite for indemnity.

PacifiCorp, for its part, candidly acknowledges that the scope of remand could not properly be limited to a determination of whether the fire was caused by its sole negligence. Rather—and while observing that "[n]othing in the court's opinion is to the contrary"—PacifiCorp

> "agrees that it had the burden, as an initial matter, of showing that the Oregon Department of Forestry's claim came within the scope of the indemnity clause, for example, that the 2002 East Antelope fire resulted from, arose out of or was in any way connected to the Contract or COL's performance under the Contract."

Notwithstanding that acknowledgment by PacifiCorp, and to forestall any misunderstanding on remand, the practical and prudent course is to modify our opinion so as to leave no question as to the scope of the inquiry on remand. Accordingly, we modify the opinion in two respects. First, we revise the following sentence at 236 Or App at 333 to read as follows:

> "Nevertheless, PacifiCorp was not entitled to prevail on its cross-motion for summary judgment, because there are unresolved issues of material fact pertaining to the application of the Article 13 indemnification provision in this case—and, particularly, whether the predicate liability arose from PacifiCorp's 'sole negligence' *and, if not, whether the predicate liability resulted from, arose out of, or was in any way connected with COL's performance or nonperformance of the contract or in any way related to the contract.*"

(New language emphasized.) Second, the penultimate sentence of the opinion, 236 Or App at 337-38, is modified to read as follows:

> "We reject that contention summarily: Based on our review of the record, we conclude that there are disputed issues of material fact as to whether the fire was caused by PacifiCorp's sole negligence *and, if not, whether the predicate liability resulted from, arose out of, or was in any way connected with the performance or nonperformance of COL's obligations under the contract or in any way related to the contract.*"[1]

(New language emphasized.)

---

[1] Given those modifications, we decline COL's invitation to make additional, parallel revisions to other portions of the opinion.

Reconsideration allowed; former opinion modified and adhered to as modified.